COVINGTON, Judge.
Plaintiff appeals from a judgment rejecting her demands individually and on behalf of her minor son, David Landry, for recovery of death benefits for the death of her husband, Lee Landry, under the Louisiana Workmen’s Compensation Act.
Plaintiff’s husband had been employed as custodian of defendant Milchem’s camp from August, 1976, until his death on Sunday, May 8, 1977, from a heart attack.
Following his death, the plaintiff, Mary Hazel (Mrs. Lee) Landry, petitioned for survivors’ benefits under the State Workmen’s Compensation Law. The defendants, Mil-chem, Inc. and its carrier, Aetna Casualty & Surety Company, Inc., denied the claim, and affirmatively defended on the grounds that Landry was not an employee of Milchem and, if he was, then his death was not connected with the course and scope of his duties as such.
The case came on for trial and was decided against the plaintiff by the trial court, the judge concluding that the injury suffered did not occur during the course and scope of Landry’s employment.
We have reviewed the trial judge’s written reasons for judgment and the entire record in this case. We find that the evidence clearly supports his decision and we believe that he correctly applied the law to the facts in the instant case. We thus affirm.
Lee Landry had been a commercial fisherman, but for reasons of health (diabetes and congestive heart failure) he was forced to retire from this business as his chief source of livelihood, and was receiving disability Social Security benefits. In August 1976, decedent was hired to be the custodian of the Milchem camp on Little Hog Bayou in St. Mary Parish, Louisiana. He was paid the then existing minimum wage, giving him a salary of approximately $500.00 for the month of August, 1976. Landry wanted to change this wage arrangement because earning $500.00 per *1022 month would have the effect of reducing his monthly Social Security check. Accordingly, he discussed his situation with representatives of Milchem; upon the suggestion of these representatives, on August 31, 1976, he entered into a contract with Mil-chem whereby for the sum of $250.00 per month he agreed to act as custodian of the Milchem camp. The trial court concluded that the purpose of the contract was to keep Landry from losing Social Security benefits. The contract states in part:
“The duties assumed by custodian are those of a general caretaker nature, and includes, by way of illustration but not limitation, routine maintenance and housekeeping of the camp; routine maintenance and upkeep of the boats, and other equipment; and properly storing the boats and other equipment located at the camp when same are not in use. Mil-chem shall furnish all materials, supplies, and other equipment necessary for the performance of such duties.”
The contract does not provide that Landry was to act as a guide or to keep a live-bait box filled. The contract states that Landry was to be an “independent contractor.” Whether Landry was an “independent contractor” or a “statutory cun-ployee” presents a serious issue which will be discussed hereafter.
Plaintiff contends that Landry was an employee of Milchem who suffered his fatal injury while engaged in the course and scope of his employer’s business; and, thus, there should be recovery under the Workmen’s Compensation Law. Defendant, in opposition to recovery, makes two arguments: (1) Landry was an independent contractor; and (2) assuming that Landry was a “statutory employee”, then his injury did not occur within the course and scope of his employment.
The record shows that the facts concerning Landry’s activities on Sunday, May 8, 1977, are largely undisputed, except for those later in the evening. He had spent a quiet morning, cooking lunch for his family and watching television. After 6:00 p. m., the deceased and his wife, followed by their son, daughter-in-law and grandchild, drove to the Patterson Levee. Plaintiff testified that Landry’s job entailed acting as a hunting or fishing guide for various Milchem personnel, in addition to acting as custodian. Plaintiff further testified that on the evening in question while Landry was crawfishing with a long-handled net, he complained of pain, and was dead a short time later, at approximately 7:15 p. m. The crawfish were allegedly to be used to bait Landry’s trout lines. Plaintiff stated that the decedent was required to keep the Mil-chem camp supplied with live bait; however, there is evidence that Landry ran a number of trout lines, baited with live bait, and sold his catch to a third person. Under cross-examination, plaintiff stated that Landry had no duty to supply food of any sort to the camp, and no duty to cook for Milchem’s guests. On May 8,1977, hunting season was not open. Plaintiff contends that part of the decedent’s duties included providing live bait for Milchem's guests, which, if true, might indicate that this was an injury occurring within the course and scope of employment. It should be noted, however, that the trial court found that there were no guests staying at the camp on May 8,1977, and none were scheduled to stay there that week.
Landry’s son, Michael, testified that his father had always kept live bait at the camp in a live-bait box. On cross-examination, Michael admitted that his father did not have a duty to provide live bait for guests at the camp. He further admitted that, in a pretrial deposition, he had said that the Landry family was gathered on the Patterson Levee to pick blackberries; nevertheless, at the trial, he denied the picking of blackberries.
John Faulk, a Milchem employee, testified that he did not supervise Landry on a daily or weekly basis; this contradicts plaintiff’s assertion that Landry was required to check with Milchem twice daily to receive his orders. Faulk testified that the camp was primarily used for hunting; it was seldom used for fishing. Faulk stated that no party was scheduled to visit the *1023 camp on the May week in question. He also testified that when he went to see Mrs. Landry to pick up the keys to the camp, Mrs. Landry related to him the circumstances regarding Landry’s death; she told him the family was picking blackberries on a Sunday afternoon when Landry was stricken and died.
On appeal, as in the trial court, the defendants assert that they are not liable for Workmen’s Compensation benefits. Their first position is that Landry was an independent contractor, and is thus precluded from recovery under the Workmen’s Compensation statute. LSA-R.S. 23:1021(5) provides:
“ ‘Independent contractor’ means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.”
Alexander v. Reed, 350 So.2d 179 (La.App. 1 Cir. 1977), writ denied, 350 So.2d 1206 (La.1977), holds that where an independent contractor is doing “substantial manual labor”, he must be considered on the same footing as an employee for workmen’s compensation benefits. All manual laborers are to be treated the same for Workmen’s Compensation purposes. See Malone, Workmen’s Compensation, 24 La.L. Rev. 244 (1964).
From our examination of the contract and the actual work that Landry engaged in, we can only conclude, as did the trial judge, that Landry was a “statutory employee” within the meaning of LSA-R.S. 23:1021(5), because a substantial part of his work time was spent in manual labor by him in carrying out the terms of the contract, i. e., maintaining weirs, cleaning the camp, etc. Welch v. Newport Industries, Inc., 86 So.2d 704 (La.App. 1 Cir. 1956), writ denied, June 11, 1956.
Although recovery was denied on the basis that the claimants’ decedent was not injured in the course and scope of his employment, the Court in Guidry v. DeFelice Marine Contractors, Inc., 200 So.2d 329 (La. App. 4 Cir. 1967), writ refused, 251 La. 33, 202 So.2d 652 (1967), held that the workmen’s compensation claimant’s decedent who was required in performance of the contract to do a great amount of manual labor and who spent a substantial part of his work time in personally performing such labor was a “statutory employee” of the party with whom he had contracted as an independent contractor within the meaning of the Workmen’s Compensation statute, LSA-R.S. 23:1021(5).
Hence, the only real issue in the case at bar is whether the accident which resulted in Mr. Landry’s death occurred in the course of his employment. The trial judge concluded that the injury suffered did not occur during the course of Landry’s employment with Milchem. We agree, and adopt the pertinent portion of his reasons for judgment as our own:
“Basically, there are two stories circulating concerning the events of May 8,1977. The first is that the Landry family was on the Patterson Levee to pick blackberries. This was nothing more than a late Sunday afternoon family outing. Secondly, and conflicting, Landry was on the levee to crawfish so that he could keep the live bait box at the camp filled. This story suffers when it is recalled there were then no guests visiting the camp and none were scheduled for that week.
“The determination of defendants’ liability involves the determination of whether Landry’s services were performed ‘incidental to his employment in the course of his employer’s trade, business, or occupation . . .’ La.R.S. 23:1035. The usual test is whether the services constituted an integral part of defendant Mil-chem’s regular business; id est, whether *1024 the services were substantial, essential and recurring. Of necessity, the test is a relative one, depending upon the facts and circumstances of each case. Evans v. Naihaus, 326 So.2d 601 [La.App.] (4th Cir. 1976).
“If one applies the facts of each of the two stories to the above test, one is led to the conclusion that the injury suffered did not occur during the course and scope of employment. Under both stories, the injury occurred while Landry was about his own business. With the first story, Landry was picking blackberries with his family. This was not part of his job. With the second story, plaintiff has failed to demonstrate by a preponderance of the evidence that keeping live bait at the camp was a part of Landry’s work; thus, the fatal injury occurred during time not related to Landry’s work. Rather, Landry was crawfishing in order to use the results of his catch to bait his own trout lines. Plaintiff has failed to prove that it was part of Landry’s work to supply food to the camp. There was some testimony that Landry did, on occasion, give fish to some of the camp’s guests, but this was because he was generous, and not because it was part of his job.
“After a careful examination of the facts adduced as evidence, the Court is led to the conclusion that Landry’s fatal heart attack, the injury, did not occur during the course and scope of his employment. This term is used advisedly, for Landry was an independent contractor but yet was also entitled to Workmen’s Compensation benefits for all injuries suffered during the course and scope of his employer’s business. Because the injury complained of to plaintiff’s decedent occurred without the course and scope of the employer’s business, plaintiff is entitled to no Workmen’s Compensation benefits.”
For the foregoing reasons, the judgment appealed is affirmed at appellant’s costs.
AFFIRMED.