448 So.2d 223 (1984)
Jimmy SHEPHERD
v.
Curtis MARTIN, et al.
No. 83 CA 0585.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
Michael A. Villa, New Orleans, for plaintiff, appellant.
Iddo Pittman, Jr., Hammond, for defendant, appellee.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge.
Plaintiff appeals from a judgment of the trial court denying worker's compensation benefits.
Malcolm Evans, an engineer, undertook construction of a home for his personal use. Curtis Martin, a full-time insurance agent and longtime friend of Evans, agreed to supervise the construction of the house for a fee of 10% above cost. Plaintiff, *224 Jimmy Shepherd, and his partner, Michael Rogers, were employed to do a portion of the construction work on the house. On May 18, 1979, while working on the frame of the house, Shepherd fell some sixteen feet and was seriously injured.
Shepherd filed suit against Martin and Evans for damages alleging negligence/strict liability on their part and in the alternative for worker's compensation benefits. The trial judge denied recovery on both the tort claim and the worker's compensation claim.
Plaintiff has appealed only that portion of the judgment denying worker's compensation benefits. Plaintiff argues on appeal: (1) the trial court erred in failing to find that plaintiff was employed by Martin under the act; and (2) the trial court erred in failing to find that Martin was in the trade, business, or occupation of constructing houses.
We note at the outset that plaintiff's effort to establish his status as either an employee or independent contractor as to Martin is immaterial without first determining whether the construction of the residence was part of Martin's trade, business, or occupation.
In order for a claimant to be eligible under the Worker's Compensation Act, the services performed must be incident to or in the course of the employer's customary or regular trade, business or occupation. Abadie v. Boudreaux, 398 So.2d 1253 (La.App. 4th Cir.1981). The usual test is whether the services constituted an integral part of defendant's regular business; that is, whether the services were substantial, essential and recurring. Evans v. Naihaus, 326 So.2d 601 (La.1976); Landry v. Milchem, Inc., 376 So.2d 1020 (La.App. 1st Cir.1979). It is likewise well settled that the business in which the employer is engaged need not be exclusive inasmuch as an employer may, and many employers do, have multiple businesses, trades or occupations. Lyons v. Pirello, 194 So.2d 147 (La. App. 1st Cir.1966), writ refused, 250 La. 462, 196 So.2d 276 (La.1967). Whether or not one is engaged in a particular trade, business, or occupation is a question of fact to be determined by the circumstances of each case. Doss v. American Ventures, Inc., 261 La. 920, 261 So.2d 615 (La.1972).
In the case sub judice, the evidence is clear that Martin was an insurance agent for eighteen years. He testified that he was engaged in this business full-time, i.e. he worked 5½ days per week. Having built his own home in 1965, Martin did, however, have some building experience. Because of this experience, he agreed to help supervise the construction of Evans' house. Although Martin was compensated, both Martin and Evans testified that Martin agreed to supervise the construction mainly as a favor to Evans.
According to the arrangement between Evans and Martin, Evans had the final decision making authority for all matters and was responsible for all bills. Martin was responsible for hiring the workmen and supervising the construction. Martin would check on the building site early mornings and late afternoons.
It is clear that Martin's action in supervising the construction was not incidental to his occupation as an insurance agent. Nor can it be said that this one-time involvement in the construction business constitutes a second occupation. Martin had never engaged in this type of enterprise prior to this one instance, and the record indicates that he had no plans to do so in the future.
We, therefore, find that Shepherd is not eligible for benefits because Martin was not in the trade, business, or occupation of constructing houses.
Because of our ruling on this point, we need not address plaintiff's remaining assignment of error. Costs on appeal are to be paid by plaintiff-appellant.
AFFIRMED.