525 So.2d 241 (1988)
Darcy CONNOR, Sr.
v.
FREES CONSTRUCTION COMPANY, INC.
No. CA 87 0328.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
Rehearing Denied June 6, 1988.
Michael A. Thomas, Thomas & Thomas, Franklin, La., for plaintiff/appellant.
Craig W. Marks, Jeansonne & Briney, Lafayette, La., for defendant/appellee.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
*242 LOTTINGER, Judge.
This is a lawsuit for worker's compensation in which the plaintiff, Darcy Connor, Sr. (Connor), was denied employee status by his employer, defendant, Frees Construction Company, Inc. (Frees), after Connor sought recovery for an accident that occurred during defendant's workday. From a trial court determination that denied plaintiff employee status, plaintiff appeals.

FACTS
Connor had been an employee with Frees, an industrial and commercial contracting business, since 1966. Although Connor had worked as a general laborer in defendant's activities, Connor was re-allocated in 1973 to domestic service on the corporation's officers' homes and camps. From 1976 until the accident of September 1984, Connor worked on the grounds of the home of defendant's president, Dewey Billeaudeaux. Throughout the period, Connor was carried on defendant's payroll.
In September, 1984, after being directed there by defendant, Connor was injured at Billeaudeaux's residence. Connor aided two fellow Frees' employees with the operation of defendant's jackhammer to break up some concrete on Billeaudeaux's residence. Soon thereafter, Connor experienced pain to his hand.
Connor visited his family physician for the hand pain. Although Connor never informed his family physician of the cause of the injury, plaintiff did file, through the assistance of Billeaudeaux, a claim under his employer's group insurance carrier. It was not until May, 1985, when the Department of Labor recommended that Connor be compensated for his injuries that defendant became aware of the accident. At that time, Frees objected to the filing because no accident occurred. Upon defendant's rejection of the recommendation, plaintiff properly filed this lawsuit to adjudicate his claim for compensation. La.R.S. 23:1310 et seq.

TRIAL COURT
After a trial on the merits, the trial court found that the defendant was not responsible for Connor's injuries. The trial court determined that Connor, on the date of the injury,[1] was performing services in a private residential household setting and, thus, excluded from the coverage of the Worker's Compensation Act.[2]

ASSIGNMENT OF ERRORS
In appealing, plaintiff assigned the following determinations of the trial court as error: (1) the denial of plaintiff's motion for a new trial and (2) the denial of compensation, penalties, and attorney's fees for defendant's failure to pay, La.R.S. 23:1201.-2.[3]

*243 ASSIGNMENT OF ERROR NO. 1
Although plaintiff's first assigned error seeks to overturn the trial court's denial of a new trial, this court will consider such an assignment as an allegation of trial court error in finding a lack of coverage by the pertinent statutory provisions.
In order for an employee to be eligible for worker's compensation benefits, the services performed must be incident to or in the course of the employer's customary or regular trade, business or occupation. Shepherd v. Martin, 448 So.2d 223 (La.App. 1st Cir.1984). The prevailing test is whether the services performed constitute a vital portion of defendant's regular business, in that, such services are substantial, essential, and recurring. Landry v. Milchem, Inc., 376 So.2d 1020 (La.App. 1st Cir.1979).
The activity that caused Connor's injury, the use of a jackhammer to break up concrete, does fall under the rubric of defendant's "regular business." Frees, by the admission of its own personnel director, is a commercial and industrial general contractor. Frees' personnel director also admitted that the company did concrete foundation work, "from large buildings to possibly pipeline supports." Accordingly, jackhammers are often used to accomplish the concrete destruction. Connor even testified that the jackhammer was brought from the Billeaudeaux's premises.[4]
Defendant contends that because the accident occurred on Billeaudeaux's residential property, La.R.S. 23:1035(B) applies. Subsection (B) precludes the recovery of compensatory benefits under the statutory scheme for any employee of a private residential householder when such services are done "in connection with the private residential premises of such householder."
Connor was a "jack of all trades" for the defendant. Connor was maintained on the defendant's payroll until March, 1985, some six months after the accident. Plaintiff was under the direction and control of Billeaudeaux, president of the defendant corporation. On the date of the accident, he was assisting two fellow employees with the defendant's jackhammer on the company president's residence. Billeaudeaux never privately hired nor paid Connor for the work done by the "jack of all trades" on his residence.
In the case sub judice, the trial court concluded that plaintiff did not fall into the category of regular employee who had been temporarily diverted from his customary duties in the employer's business to perform personal tasks for the employer. See Landry, Vicknair v. Southern Farm Bureau Casualty Insurance Co., 292 So. 2d 747 (La.App. 4th Cir.1974), writ denied, 296 So.2d 838 (La.1974).
The trial court was mistaken in basing its decision on the duration of time the plaintiff was diverted from his employer's regular trade, business, or organization. Under Vicknair, we must conclude that if one of the regular employees assigned to perform the jackhammer task at the home of Billeaudeaux had been injured, worker's compensation would have covered the injury. Plaintiff was a full-time employee of Frees. Although plaintiff was assigned the permanent task of working at the homes of corporate officers, at the time of the accident, he was assisting fellow regular employees in their assigned task. In *244 assisting the regular employees, plaintiff fell in the same classification as the employees assigned the jackhammer task.
Thus, the trial court's determination that Connor was excluded from compensatory benefits is reversed, and this matter is remanded for a finding of benefits due under that statutory scheme.

ASSIGNMENT OF ERROR NO. 2
Plaintiff's second assigned error alleges that the trial court improperly denied plaintiff compensation, penalties and attorney's fees, as permitted by La.R.S. 23:1201.2. (As to the denied compensation claim, assigned error No. 1, above.)[5]
La.R.S. 23:1201.2 permits the recovery of attorney's fees and penalties when worker's compensation benefits are arbitrarily, capriciously, and without probable cause denied. The claimant is not entitled to the provisions of La.R.S. 23:1201.2 if there exists a rational basis for an employer and its insurer to decline to pay benefits. Dupaquier v. Barbera, 490 So.2d 354 (La. App. 1st Cir.1986).
In the instant matter, the defendant maintained a rational basis for its denial of benefits. The defense that Connor's accident occurred on a private residence, and thus excluded from recovery under worker's compensation, was asserted in good faith. Although such a defense under La. R.S. 23:1035(B) would not provide a per se rational basis for the denial, the facts of this litigation do. Thus, the trial court's determination to deny penalties and attorney's fees was not in error.
Therefore, for the above and foregoing reasons, the judgment of the trial court as to penalties and attorney's fees is affirmed, and the judgment as to worker's compensation coverage is reversed, and this matter is remanded for a determination of benefits due plaintiff. Costs of this appeal are assessed against defendant-appellee. AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] The trial court noted in its written reasons for judgment that "for purposes of reaching a decision in this matter, the Court will consider that an injury did occur in the fashion described by the plaintiff." This court also assumes, for lack of contradictory evidence, that Connor was injured.
[2] La.R.S. 23:1035(B) provides that:

There is exempt from coverage under this Chapter all labor, work, or services performed by any employee of a private residential householder in connection with the private residential premises of such householder and which labor, work, or services are not incidental to and do not arise out of any trade, business, or occupation of such householder. With respect to such labor, work, or services and any employee performing the same, a private residential householder shall have no liability under the provisions of this Chapter either as employer or as a principal; however, any person who is engaged in the trade, business, or occupation of furnishing labor, work, or services to private residential premises shall be liable under the provisions of this Chapter to his employees or their dependents for injury or death arising from and incidental to their employment in rendering such labor, work, or services.
[3] La.R.S. 23:1201.2 provides that:

Any insurer liable for claims arising under this Chapter, and any employer whose liability for claims arising under this Chapter is not covered by insurance, shall pay the amount of any claim due under this Chapter within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject employer or insurer, in addition to the amount of the claim due, to payment of all reasonable attorney's fees for the prosecution and collection of such claim, or in the event a partial payment or tender has been made, to payment of all reasonable attorney's fees for the prosecution and collection of the difference between the amount paid or tendered and the amount due. Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney's fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney's fees shall not apply to cases where the employer or insurer is found liable for attorney's fees under this Section. The provisions of R.S. 22:658 shall not be applicable to claims arising under this Chapter.
[4] Although the personnel director stated that all equipment sent to a jobsite should be recorded, he was not in a position of corporate authority to testify as to the equipment report's accuracy or policy.
[5] Although plaintiff's brief argues also that certain Social Security benefits not be used as an offset to plaintiffs recovery, this court pretermits that issue as it was not properly assigned, Uniform Rules of the Courts of Appeal, Rule 2-12.4.