536 So.2d 441 (1988)
Dennis Leon LOCKER and Linda Gail Locker, Appellants,
v.
Roger WILSON, d/b/a Wilson Well Service, et al., Appellees.
No. 20013-CA.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1988.
Writ Denied January 13, 1989.
C. John Caskey, Baton Rouge, for appellants.
Mayer, Smith & Roberts by Kim Purdy, Shreveport, for appellees, Roger Wilson, d/b/a Wilson Well Service.
Carmouche, Gray & Hoffman by James R. Sutterfield, New Orleans, for appellee, BPS America Corp.
Before JASPER E. JONES, NORRIS and LINDSAY, JJ.
NORRIS, Judge.
This is an appeal from a summary judgment. The plaintiff, Dennis Locker, was a floorhand, roughneck or roustabout who was working on defendant Wilson's Rig # 20. While he was dismantling the rig, a cable snapped and he was struck and knocked to the ground. He allegedly sustained serious injuries; his wife also claimed loss of consortium. Advancing a theory of negligence, they sued Roger Wilson, the appellee, who operates Wilson Well Service as a partnership with his father. Locker claimed he was working for Wilson "pursuant to a contract." The plaintiffs also sued the owner and manufacturer of the rig under a theory of strict liability; this portion of the case is not before us. Wilson moved for summary judgment, urging he was the employer or statutory employer of Locker, thus precluding the tort remedy. LSA-R.S. 23:1032. The trial court granted the motion and the plaintiffs appeal. For the reasons expressed, we affirm.
The trial court's ruling noted that Locker was originally hired as an employee and he had undergone absolutely no change in status except for the method of payment. Both Locker's affidavit and deposition admitted that he was an employee until sometime in June 1986 when the rig operator *442 told everyone that they were thereafter to be paid as contract labor. The nature of Locker's work, however, did not change. Nevertheless the check stubs filed in response to interrogatories verified that from July until two days before the accident in October, Locker was receiving payments designated as "contract labor." A note attached to the cover of the Employer's Report of Occupational Injury or Disease suggested that when the accident occurred, Wilson suddenly returned Locker to the standard payroll, conceivably in order to bring him under Wilson's workers comp policy. The insurer subsequently paid benefits. Viewing the documents, the trial court concluded that the only change in Locker's status was the method of payment and this was not substantial enough to alter his original status, which he conceded was that of an employee.
A person who renders service for another is presumed to be an employee within the workers comp statute. LSA-R.S. 23:1044. In order to rebut the presumption and prove contractor status, an injured worker may prove method of payment as one of several factors usually considered in cases where his status is the issue. See Sones v. Mutual of Omaha, 272 So.2d 739 (La.App.2d Cir.1973), writ denied 273 So.2d 292 (La.1973); Durant v. Industrial Lumber Co., 6 So.2d 164 (La. App. 1st Cir.1942). Each case must be decided on its own facts as there is no precise formula for settling the issue. Sones v. Mutual of Omaha, supra; Shepherd v. Martin, 448 So.2d 223 (La.App. 1st Cir.1984). We are aware of no case in which a worker who proved no indicium of contractor status other than the method of payment has ever been found, after trial on the merits, to be an independent contractor. See Sones v. Mutual of Omaha, supra. But bearing in mind that the purpose of summary judgment is to eliminate prior to trial those cases which present no genuine issue of material fact, we would be inclined to reverse the instant judgment and remand the case for development of facts at trial. LSA-C.C.P. art. 966; Watson v. Cook, 427 So.2d 1312 (La.App. 2d Cir.1983). This would be because the method of payment, while highly unlikely to prove singlehandedly the plaintiff's claim of contractor status, is indeed a "material fact" in the determination.
Because of other facts clearly established in the record, however, we will pretermit the issue addressed by the trial court. Even if we reversed and Locker succeeded in proving that he was an independent contractor, the record shows to the exclusion of any genuine issue of material fact that he would be a contractor who is nevertheless confined to the exclusive remedy of workers comp. An independent contractor who spends a substantial part of the work time in manual labor carrying out the terms of the contract, and whose work is a part of the principal's trade, business or occupation, is expressly covered by the workers comp act. LSA-R.S. 23:1021(6), 1032; Lushute v. Diesi, 354 So.2d 179 (La. 1978). Locker's deposition establishes that his work consisted almost exclusively of manual labor. R.p.p. 218-219. The jurisprudence has also characterized a "roughneck" as a "manual laborer." See Miller v. B. Lewis Contractors, 103 So.2d 592 (La.App. 1st Cir.1958); Cotton v. Hartford Acc. & Indem. Co., 116 So.2d 736 (La.App. 2d Cir.1959); Powell v. Travelers Ins. Co., 117 So.2d 610 (La.App. 2d Cir.1960), writ denied, not reported (La.1960). Locker's status as a manual laborer was never contradicted anywhere and was conceded by counsel at oral argument. Furthermore, Wilson's affidavit asserts that floorhands are an essential and integral part of his business, R.p. 112; Locker admits the same in his deposition, R.p. 142; and the assertion is nowhere else denied. Lushute v. Diesi, supra.
In sum, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show conclusively that Locker was either an employee or a contractor engaged principally in manual labor that was an essential part of the principal's trade. By either conclusion, he was covered by the workers comp act; thus there is no genuine issue of material fact and mover is entitled to judgment as a *443 matter of law. LSA-C.C.P. art. 966. The judgment will therefore be affirmed.
Appellants advance three additional arguments in an effort to undermine the judgment. First they contend Wilson was guilty of fraud by "intentionally" classifying Locker as a contractor when this enabled him to avoid employment obligations but reclassifying him as an employee when this enabled him to avoid tort liability. Fraud was not specially pleaded and may not now be asserted. LSA-C.C.P. art. 856. This argument lacks merit.
The other two arguments are based chiefly on fraud as well. Appellants contend that because of Wilson's fraudulent conduct, he waived the defense of the exclusive remedy, or he is estopped from asserting it. This is urged on the rationale that fraud vitiates consent, as exemplified in the inapposite contract case of American Guar. Co. v. Sunset Realty & Planting Co., 208 La. 772, 23 So.2d 409 (1945). As noted, fraud cannot now be asserted as an element of waiver or estoppel. C.C.P. art. 856. Consequently these arguments lack merit.
Moreover, the potential application of waiver and estoppel arguments could not possibly create a genuine issue of material fact. Statutes that formerly permitted employers and employees to elect not to be covered by the compensation act were repealed in 1975 by LSA-Acts 1975 No. 583. See Malone & Johnson, 13 La.Civil Law Treatise (Workers' Compensation) § 97. Under the current statutory scheme, no "contract, rule, regulation or device whatsoever" is permitted to relieve the employer of his obligation to provide workers comp coverage. LSA-R.S. 23:1033. The comp remedy is exclusive and except for narrow exceptions clearly inapplicable to this case cannot be waived. LSA-R.S. 23:1032, 1035. Thus, whatever facts the appellants may allege and prove at trial in support of waiver would be "immaterial." Sanders v. City of Blanchard, 438 So.2d 714 (La.App. 2d Cir.1983). The employer is entitled to judgment because, as a matter of law, the parties could not waive the workers comp remedy. This argument lacks merit.
Likewise the employer is not estopped from asserting the defense of the exclusive remedy of workers comp by having led Locker to believe he was an independent contractor. Estoppel is an equitable remedy and is not favored by either the law or the jurisprudence of Louisiana. Howard Trucking Co. Inc. v. Stassi, 485 So.2d 915 (La.1986), cert. denied 479 U.S. 948, 107 S.Ct. 432, 93 L.Ed.2d 382 (1986). One of the hallmarks of estoppel is detrimental reliance, and Locker has shown neither reliance nor change of position to his detriment; in fact, he received what he was entitled to, workers comp benefits. He was possibly deprived of the hope of suing in tort, but in truth the tort remedy was never available to him. Thus there is no ground for invoking the equitable remedy of estoppel. See City of Bossier City v. Usery, 356 So.2d 1099 (La.App. 2d Cir. 1978). Finally, the statute positively prohibits the employer from evading his comp obligations, LSA-R.S. 23:1032. Estoppel, as an equitable remedy, cannot prevail over this positive assertion of written law. LSA-C.C. art. 4; Packard Florida Motors Co. v. Malone, 208 La. 1058, 24 So.2d 75 (1945); La. State Troopers v. La. State Police, 417 So.2d 440 (La.App. 1st Cir. 1982). Because the statute would not allow the employer to be estopped from his obligations under the workers comp scheme, appellants cannot advance any "material" facts to prove estoppel. See Sanders v. City of Blanchard, supra. This argument lacks merit.
For the reasons expressed, the judgment is affirmed at appellants' costs.
AFFIRMED.