558 So.2d 636 (1990)
Mr. and Mrs. Michael DAVIS
v.
STATE FARM INSURANCE COMPANY and Carolyn Shorter d/b/a White Star Cleaners.
No. 89 CA 0012.
Court of Appeal of Louisiana, First Circuit.
February 21, 1990.
*637 John H. Musser, IV, New Orleans, for plaintiffs and appellants, Mr. & Mrs. Michael Davis.
Robert B. Butler, III, Houma, for defendants and appellees, State Farm and Carolyn Shorter.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment dismissing plaintiffs' suit for personal injuries or, alternatively, for worker's compensation benefits.

*638 FACTS
On or about July 1, 1985, defendant Carolyn Shorter, d/b/a White Star Cleaners (Shorter), relocated her laundry business from a rented building on one side of West Park Avenue in Houma to a building on the opposite side of the street. Shorter contracted with Melvin Naquin, an independent contractor, to facilitate the move.
After the move was completed and the laundry business was operational at its new location, Shorter began cleaning the old premises in anticipation of the expiration of the lease. At that time, Shorter was approached by a group of salvagers, who offered to remove the galvanized pipe in exchange for the right to retain possession of the pipe.
During the late afternoon, Shorter contacted Michael Davis, who had performed some concrete work as an independent contractor several weeks earlier, to assist her in getting the premises cleaned before the expiration of her lease at midnight on July 1, 1985. Shortly after arriving that evening, Davis spoke briefly with Shorter and then proceeded to the rear of the building where the salvage operation was being conducted. As Davis entered the rear portion of the building, one of the salvagers threw a freshly cut portion of pipe from a ladder into a pile of pipe stacked in the center of the floor. The pipe, however, hit the concrete floor, bounced into the air, and struck Davis on the left foot.
Davis completed his task that evening without difficulty, but contacted Shorter the following day to determine whether she had insurance which might cover his injuries. Thereafter, plaintiffs, Mr. and Mrs. Michael Davis, filed suit for tort damages against Shorter and her liability insurer, State Farm Fire and Casualty Insurance Company (State Farm). Plaintiffs subsequently amended their petition requesting worker's compensation benefits for the injuries Davis received on July 1, 1985. In their petition, plaintiffs alleged that Shorter was Michael Davis's employer and that State Farm was Shorter's worker's compensation insurer.
After trial on the merits, the trial judge determined that the salvagers had thrown the pipe, that the salvagers were independent contractors, and that, as a result, defendants were not liable for the negligence of the salvagers. Additionally, the trial judge determined that, regardless of the relationship between Davis and Shorter, the accident fell outside the scope of the worker's compensation statute in that Davis was not injured in the trade, business, or occupation of Shorter. Accordingly, the trial judge rendered judgment in favor of defendants, Shorter and State Farm, and against plaintiffs, dismissing plaintiffs' demands.
From this adverse judgment, plaintiffs appeal, assigning the following errors:
1. The trial court erred in failing to find that Carolyn Shorter, d/b/a White Star Cleaners was free from tort liability.
2. The trial court erred in failing to find that Michael Davis was entitled to benefits under the Workmen's Compensation Act as a result of his injury on July 1, 1985.
3. The trial court erred in concluding that the foot injury sustained by Michael Davis on and from which he was still disabled at the time of trial was a pre-existing injury.

TORT LIABILITY
Plaintiffs contend that Shorter is liable to them in tort. Plaintiffs reason that the salvagers were employees of Shorter and that, as such, she is liable to them for the negligence of her employees. Plaintiffs further reason that Shorter is liable under LSA-C.C. art. 2317 in that the leased premises, which were in Shorter's custody and control, were defective.
A. Negligence
In Hopping v. Louisiana Horticulture Commission, 509 So.2d 751 (La.App. 1st Cir.1987), this court succinctly set forth the law regarding the determination of employee status as follows:
An employee (servant) is a person who lets, hires or engages his services to another *639 to be employed at any work, commerce or occupation whatever for the benefit of the other for a certain price, or upon certain conditions. La.C.C. art. 163; Vining v. Bardwell, 482 So.2d 685 (La.App. 1st Cir.1985), writ denied, 487 So.2d 439 (La.1986).
In order to meet the requirements of La.C.C. art. 163, the single most important factor to consider in deciding whether the employer-employee relationship exists is the right of the employer to control the work of the employee. Roberts v. State, Through the Louisiana Health and Human Resources Administration, 404 So.2d 1221 (La.1981). The supreme court quoted Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (1968), at page 1225 as follows:
It is the right of control of the time and physical activities in the other party and the existence of a close relationship between the parties which determine that one is a servant.
We further stated:
`Servant' must be interpreted as that particular kind of agent who has a very close economic relation to, and is subject to very close control by the principal. A servant is one who offers his personal services for a price. He is an integral part of his employer's business and must submit to the control of his physical conduct as well as of his time.
The factors used to determine the right to control are selection and engagement, payment of wages, power of dismissal, and power of control. Varnado v. Sanders, 477 So.2d 1205 (La.App. 1st Cir.1985), writ denied, 481 So.2d 630 (La.1986). [509 So.2d at 754-755].
The evidence presented at trial showed that there was no employer-employee relationship between Shorter and the salvagers. The salvagers had no economic relation to Shorter; they merely asked to be allowed to remove scrap pipe from the building. The salvagers were not paid for their work, but undertook the task of removing the pipe so that they could keep the pipe. The salvagers were not an integral part of Shorter's laundry business, nor did they submit to her control of their conduct or their time. They appeared at the old laundry location on July 1, 1985, asked for permission to remove the pipe, and had no contact with Shorter before or since that date.
After weighing all of the evidence and evaluating the credibility of the witnesses, the trial court determined that the salvagers were not employees of Shorter and that, as such, Shorter had no liability for any negligence on the part of the salvagers. We have carefully reviewed the record and cannot say that the trial court erred in refusing to find Shorter liable for any alleged negligence on the part of the salvagers under the doctrine of respondeat superior.
Having determined that the salvagers were not employees of Shorter, we must determine whether Shorter, as the principal of an independent contractor, is liable for Davis's injuries.
Under Louisiana law, a principal generally is not liable for the offenses an independent contractor commits in the course of performing its contractual duties. Ainsworth v. Shell Offshore, Inc., 829 F.2d 548 (5th Cir.1987), cert. denied, 485 U.S. 1034, 108 S.Ct. 1593, 99 L.Ed.2d 908 (1988); Massey v. Century Ready Mix Corporation, 552 So.2d 565 (La.App. 2nd Cir.1989), writ denied, 556 So.2d 41 (La.1990); Smith v. Zellerbach, 486 So.2d 798 (La.App. 1st Cir.1986), writ denied, 489 So.2d 246 (La. 1986). This rule, however, is subject to two well-delineated exceptions. Under the first exception, a principal may not avoid liability for injuries resulting from an ultrahazardous activity by hiring out the work to an independent contractor. Ainsworth v. Shell Offshore, Inc., supra; Smith v. Zellerbach, supra; Ewell v. Petro Processors of Louisiana, Inc., 364 So.2d 604 (La.App. 1st Cir.1978), writ denied, 366 So.2d 575 (La.1979). The second exception imposes liability upon a principal for the negligent acts of an independent contractor when the principal reserves the right to supervise or control the work. Hawkins v. *640 Evans Cooperage Co., Inc., 766 F.2d 904 (5th Cir.1985); Smith v. Zellerbach, supra. It is not the supervision and control which is actually exercised that is significant, but it is the right to exercise it which is of primary concern in determining whether a principal may be held liable for the torts of an independent contractor. Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972); Smith v. Zellerbach, supra.
In the instant case, the activities conducted by the salvagers were clearly not ultrahazardous. Further, as stated earlier, Shorter did not have the right nor did she actually control or supervise the salvagers' work. Clearly, Shorter is not liable for any negligence which may have been committed by the salvagers in the course of performing their contractual duties.
B. Strict Liability Under LSA-C.C. art. 2317
LSA-C.C. art. 2317 provides, in pertinent part, as follows:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.
In order to establish liability and the entitlement to recovery under LSA-C.C. art. 2317, the plaintiff must prove: (1) the thing had a vice or defect; (2) the thing was in the defendant's custody; and (3) the injury or damage was caused by the vice or defect. Upon proof of these elements, the burden shifts to the defendant to prove the damage was caused by victim fault, third-party fault, or an irresistible force. Loescher v. Parr, 324 So.2d 441 (La.1975); Ross v. Lewis, 446 So.2d 1322 (La.App. 2nd Cir.1984).
A defendant's conduct is actionable where it is both a cause in fact of the injury and a legal cause of the harm incurred. The cause in fact test requires that but for the defendant's conduct, the injuries would not have been sustained. The legal cause test requires that there be a substantial relationship between the conduct complained of and the harm incurred. Sinitiere v. Lavergne, 391 So.2d 821 (La. 1980); Landry v. State Farm Insurance Company, 529 So.2d 417 (La.App. 1st Cir. 1988); Stephens v. Pacific Employers Insurance Company, 525 So.2d 288 (La.App. 1st Cir.1988), writ denied, 532 So.2d 116 (La.1988); Edwards v. City of Leesville, 465 So.2d 263 (La.App. 3rd Cir.1985), writ denied, 467 So.2d 539 (La.1985). There can be more than one cause in fact of an accident as long as each cause bears a proximate relation to the harm which occurs and it is substantial in nature. Landry v. State Farm Insurance Company, supra; Nix v. Brasly, 489 So.2d 1038 (La.App. 1st Cir.1986); Bodoin v. Daigle, 452 So.2d 828 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 485 (La.1984). However, whether the plaintiff seeks recovery under a negligence or strict liability theory, he must prove that the negligent act or defect complained of was a cause in fact of the injury. Edwards v. City of Leesville, supra.
In the instant case, it is undisputed that any injuries Davis sustained were caused by the act of the salvagers in discarding the pipe and were not the result of any defect in the premises themselves. The only dispute between the parties was Shorter's liability therefor.
This assignment of error is without merit.

LIABILITY IN WORKER'S COMPENSATION
Plaintiffs contend that the trial court erred in failing to find that Davis was entitled to worker's compensation benefits as a result of the July 1, 1985, accident.
In order for a claimant to be eligible under the worker's compensation act, an employee must be injured while performing services arising out of and incidental to his employment in the course of his employer's customary or regular trade, business, or occupation. Guidry v. Orgeron, 525 So.2d 677 (La.App. 1st Cir.1988); Shepherd v. Martin, 448 So.2d 223 (La. App. 1st Cir.1984). The usual test is whether the services constituted an integral *641 part of defendant's regular business; that is, whether the services were substantial, essential, or recurring. Shepherd v. Martin, supra; Evans v. Naihaus, 326 So.2d 601 (La.App. 4th Cir.1976). Whether or not one is engaged in a particular trade, business, or occupation is a question of fact to be determined by the circumstances of each case. Doss v. American Ventures, Inc., 261 La. 920, 261 So.2d 615 (La.1972); Shepherd v. Martin, supra.
In the instant case, the trial judge determined that, despite Davis's classification as an independent contractor, Davis's injuries fell outside the scope of the worker's compensation provisions in that he was not injured in the course of his "employer's" regular trade, business, or occupation. Shorter's regular business was a laundry operation which had already been relocated across the street at the time of Davis's injury. Additionally, as Davis's testimony clearly established, he was at the Shorter establishment to assist with maintenance work and that his relationship with Shorter had previously been that of a handyman. We find that the trial court properly determined that Davis was ineligible for worker's compensation benefits because he was not injured while performing services constituting part of Shorter's regular business.
This assignment of error is without merit.
Because we conclude that the trial court was correct in its findings as to Assignments of Error nos. 1 and 2, it is unnecessary to address Assignment of Error no. 3.

CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Plaintiffs are cast for all costs.
AFFIRMED.