Ricky L. MADDOX

v.

**BAKER OIL TOOLS, INC. and Exxon Corporation.**

Civ. A. No. 90–3131.

United States District Court, E.D. Louisiana.

Oct. 9, 1991.

Stanley Joseph Jacobs, Kenneth Wayne Manuel, Jacobs, Manuel & Kain, New Orleans, La., for Ricky L. Maddox.

Kathleen W. Will, Borrello, Huber & Dubuclet, Metairie, La., for Liberty Mut. Ins. Co.

Sidney Daniel Meeks, Abbott, Best & Meeks, Richard Monroe Garner, Garner & Associates, New Orleans, La., for Baker Oil Tools Inc.

Robert H. Wood, Jr., Elliott George Courtright, Exxon Co., USA, Litigation Div., New Orleans, La., for Exxon Corp.

### ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on Motions for Summary Judgment filed on behalf of defendants, Exxon Corporation ("Exxon") and Baker Oil Tools, Inc. ("Baker Oil"), to wit:

(1) Exxon has moved for summary judgment dismissing plaintiff's claims against

it based on its status as "statutory employer" pursuant to L.S.A.–R.S. 23:1061; and

(2) Baker Oil has moved for summary judgment dismissing plaintiff's claims against it, alleging that it had and assumed no duty, supervisory or otherwise, with respect to cleaning the substructure below the drill floor of Drill Rig MURCO 46, upon which plaintiff was working at the time of his alleged accident.

Plaintiff has filed formal opposition to both motions aforementioned. The matters were set for hearing on Wednesday, October 9, 1991, but were submitted on the briefs.

## I. Factual Background.

Plaintiff has filed suit seeking damages from Baker Oil and Exxon arising out of an accident and injury to himself during drilling operations in Chalkley Field, Cameron Parish, Louisiana on May 11, 1990.

Defendant Exxon is and was at all pertinent times a working interest owner and operator of well Sweetlake #3 in the Chalkley Field.[1] Exxon contracted with Murco Drilling Corporation ("Murco") to drill Sweetwater #3 to a specific depth. The specific terms of the written contract provide that Murco (Contractor) would supply a rig (Murco No. 46) and the labor necessary to operate said rig.[2]

It is not disputed that at all pertinent times plaintiff Ricky Maddox ("Maddox") was assigned to the land-based drilling rig as a "Derrickman." On May 11, 1990, while on duty at the rig, and engaged along with other crewmembers completing the well, Maddox was instructed to change out the kill line. In so doing, Maddox had to traverse a beam on the substructure of the rig and slipped into an opening and/or mud and fell, hitting his head, chest and right thigh.

Plaintiff alleges and has testified in deposition that the mud came from a string being run into the hole during the packing job being monitored and supervised by James Dale Lavergne, service operator for Baker Oil Tools, Inc. Because of the absence of a pressure valve on the string during the packing job, mud had fallen onto the drill floor and from there to the substructure of the rig. Plaintiff points out in opposition memorandum that Mr. Lavergne admits in a sworn affidavit that he was Baker's service supervisor during the packing operation being performed and his duties were performed on the drilling floor of Murco's rig No. 46. In short, plaintiff's deposition testimony was to the effect that had Baker's supervisor employed the appropriate controls or tools in completing the packing operation, there would have been no drilling fluids on the drilling floor and substructure of the well. Maddox further testified the whole place was covered with the "stuff."[3] As to Baker Oil's responsibility therefor, he testified either Exxon's man (Mr. Boyd) or Baker Oil's man could have shut down the operation until the pressure valve was delivered.[4]

## II. The Law.

### A. *Exxon's Motion for Summary Judgment—Louisiana Worker's Compensation Law.*

Under L.S.A.–R.S. 23:1032 an employees exclusive remedy for injury is worker's compensation; an employee may not sue his employer or any "principal" in tort. Section 1032(A)(2) defines the term principal as "any person who undertakes to execute any work which is part of the trade, business or occupation in which he was engaged at the time of his injury, or which he had contracted to perform and contracts with any person for the execution thereof." Pursuant to section 1044 of the statute, a person rendering service for another in any trade, business or occupation covered under the worker's compensation law is presumed to be an employee for the purposes

---

**1.** Joint Operating Agreement (Exxon Exh. "A").

**2.** Day Rate Drilling Contract No. 89–I–7066 (Exxon Exh. "B").

**3.** Deposition of Ricky Maddox, p. 39 (Maddox Exhibit).

**4.** *Id.* at 164.

thereof.[5] Even if a worker is found to be an independent contractor, he may still be subject to worker's compensation laws if he is also determined to be a statutory employee under L.S.A.–R.S. 23:1032 and 23:1061.[6]

L.S.A.–R.S. 23:1061(A) provides:

When any person, in this Section referred to as the "principal", undertakes to execute any work, which is part of the trade, business or occupation for which he contracted to perform, and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if any employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. *The fact that the work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal's direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principals trade, business or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.* (emphasis supplied).

(as amended by La. Acts 1989, No. 454, effective January 1, 1990).

Any cogent analysis of the issue before this Court must be mindful of the beneficial intent of the legislation, recounted in Justice Lemmon's concurring opinion in *Rowe v. Northwestern National Insurance Co.*, 471 So.2d 226 (La.1985), to wit:

La.R.S. 23:1061 was originally designed solely to prevent an employer from evading his compensation responsibility by interposing an intermediary (typically insolvent and uninsured) to perform part of the work of the employer's business. In *Thibodaux v. Sun Oil Co.*, 49 So.2d 852 (1950), this Court distorted the original intent of the Act by using Section 1061 to grant tort immunity to a principal (an employer who contracted out part of the work of his business to an intermediary). Since the principal had the power to require in the contract that the intermediary furnish compensation insurance, the employer was able under the *Thibodaux* decision to avoid responsibility either in compensation or in tort. Thus, a principal could bring the employees of the intermediary onto the principal's premises, no matter how unsafe, with total immunity. *See, Broussard v. Heebe's Bakery Inc.*, 254 So.2d 284 (La. App. 4th Cir.1971) (Judge Lemmon, concurring.)

The Legislature granted tort immunity to the principal for the first time in 1976 by amending La.R.S. 23:1032, the section which originally granted tort immunity to the direct employer. No other state had ever gone so far. 13 W. Malson & H. Johnson, Louisiana Civil Law Treatise—Workers' Compensation § 128 (2nd ed. 1980).

The provisions of the L.S.A.–R.S. 23:1061 contemplate both the execution of any work which is part of the principal's trade business or occupation and the "two-contract" theory—that is, the execution of any work which the principal had contracted to perform, and in turn contracts with another

---

**5.** Upon the establishment of the status of the worker as an independent contractor, the presumption is rebuttable. *Dye v. IPIK Door Co.*, 570 So.2d 477 (La.App. 5th Cir.1990).

**6.** *Id.* at 480. *See also, Legros v. Norcen Exploration, Inc.*, 583 So.2d 859 (La.App. 1st Cir.1991).

person for the execution thereof.[7] It is undisputed that Exxon is not a general contractor who subcontracted work to perform all or part of its contractual obligation. Here the issue is whether Exxon is a statutory employer under the first category.

The most recent amendment apparently repudiates prior jurisprudence[8] interpreting the statute providing a three-part test for determining the statutory employer status.[9]

The court in *Brock v. Chevron Chemical Co.*, 750 F.Supp. 779, 782 (E.D.La.1990) held that a "worker is performing work that is within the 'trade, business, or occupation' of the principal ... whenever the work done by the employee is essential to the principal's business." (citing, *Thibodaux v. Sun Oil Co.*, 40 So.2d 761 (La.App. 1st Cir.), *affirmed*, 218 La. 453, 49 So.2d 852 (1950).

The amended statute unquestionably applies the facts of the case at bar, the accident at issue having occurred on May 11, 1990, subsequent to the effective date of the statutory amendment. Therefore, the work Murco and its employee, Maddox, were performing is part of Exxon's "trade, business, or occupation" if it is essential to Exxon's operation.

Exxon has presented the affidavit of its Production Manager Roger Koerner to support its contention that the work was, in fact, essential to its operations. Roger J. Koerner attests in affidavit as Production Manager of Exxon's Eastern Production Division, which has responsibility for oil and gas production activity in Louisiana, that the trade, business, or occupation of Exxon includes exploration, production, and marketing of oil, gas and other minerals.

He further testifies that in order to produce oil and gas, it is necessary to drill and complete wells. A derrickman, a drilling crewmember, handles the upper end of the drill stem as it is hoisted out of or lowered into the hole. Accordingly, and as stated in his affidavit, the function of a derrickman is an integral part of the drilling rig team and essential to drilling operations.[10]

Plaintiff essentially makes two arguments: (1) that the work was not part of Exxon's trade, business, or occupation; and (2) that Exxon waived its statutory employer defense by agreeing with Murco that it [Murco] was an independent contractor as set forth in Section XVII of the Day Rate Drilling Contract by and between itself and Murco.

■ Because Maddox does not dispute the essential nature of the contract work with affidavit or other competent evidence from which the Court could conclude otherwise, the Court finds on this record that the work performed by Maddox was essential, and, consequently part of Exxon's "trade, business, or occupation." Plaintiff's vague references to separate areas of expertise and specialization *vis a vis* Murco and Exxon are immaterial to the Court's determination of statutory employer status, as such areas of inquiry were obviated by the 1990 amendment to the Louisiana Worker's Compensation scheme, which was discussed above in detail.

■ As to plaintiff's second argument regarding Exxon's waiver of its statutory employer defense, the case of *Locker v. Wilson*, 536 So.2d 441 (La.App. 2nd Cir. 1988) is dispositive. The *Locker* court explains:

be considered part of the principal's trade, business or occupation; and (3) whether the principal is engaged in the work at the time of the accident at issue.

---

7.  *See*, Johnson, Developments in the Law, 1987–1988 Worker's Compensation, 49 La.L.Rev. 549, 556 (1988).

8.  *See, Berry v. Holston Well Service, Inc.*, 488 So.2d 934 (La.1986). The test enunciated in *Berry* requires the examination of the following: (1) examination of the scope of the work contract—whether specialized or not; (2) comparison of the principal's trade, business or occupation and the contract work to see whether it can

9.  *See, Brock v. Chevron Chemical Company*, 750 F.Supp 779, 781 (E.D.La.1990); and *Legros*, 583 So.2d 859, 862.

10.  *See*, Affidavit of Roger Koerner (Exxon Exh. "D").

Under the current statutory scheme, no 'contract, rule, regulation, or device whatsoever' is permitted to relieve the statutory employer of his obligation to provide worker's comp coverage. LSA–R.S. 23:1033. The comp remedy is exclusive and except for narrow exceptions clearly inapplicable to this case cannot be waived. LSA–R.S. 23:1032, 1035. Thus, whatever the facts the appellants may allege and prove at trial in support of waiver, would be "immaterial." The employer is entitled to summary judgment because, as a matter of law, the parties could not waive the workers comp remedy. This argument lacks merit. *Id.* at 443.

The *Locker* court went on to address the estoppel argument as follows:

One of the hallmarks of estoppel is detrimental reliance, and Locker has shown neither reliance nor change of position to his detriment; in fact, he received what he was entitled to, worker's comp benefits. He was possibly deprived of the hope of suing in tort, but in truth the tort remedy was never available to him. Thus there is no ground for invoking the equitable remedy of estoppel. Finally, the statute positively prohibits the employer from evading his comp obligations, LSA–R.S. 23:1032. Estoppel cannot prevail over this positive assertion of written law. LSA–C.C. art. 4; [citations omitted]. Because the statute would not allow the employer to be estopped from his obligations under the workers comp scheme, appellants cannot advance 'material' facts to prove estoppel. *Id.*

The dictates of the court's decision in *Locker* control the disposition of the exclusivity issue and are diametrically opposed to plaintiff's argument herein. Accordingly, and for all the aforesaid reasons, plaintiff's opposition lacks merit, and there being no "material" issue of fact, Exxon is entitled to judgment as a matter of law dismissing plaintiff's claims against it. Plaintiff's sole remedy against Exxon lies in worker's compensation.

**B.** *Baker Oil's Motion for Summary Judgment.*

 Essentially, Baker Oil's argument is to the effect that it had no duty, whatsoever, *vis a vis* clean-up or supervision of the substructure upon which plaintiff allegedly slipped and fell injuring himself. However, plaintiff's deposition testimony in fact suggests there was a duty breached by Baker Oil, and that it was the negligence of Baker Oil in completing packing operations without the proper equipment which in fact created the unsafe muddy condition of the substructure and was a contributing cause in fact of his injuries. The facts relayed by Maddox himself indicate that Baker Oil Tool's continuing the operation instead of shutting down to await the appropriate equipment, a pressure valve, created the unsafe conditions. Inasmuch as Baker Oil's motion does not address whether it had a duty to safely complete mud packing operations and that the result of its operations without the proper equipment in fact created the risk at issue, there exist material issues of fact which remain to be addressed at trial on the merits.

Negligence and causation are unquestionably controverted with respect to Baker Oil's involvement. Baker Oil does not deny that it was in charge of the mud packing operations which were ongoing at all pertinent times. Accordingly and for all of the aforementioned reasons, and considering the submissions of the parties,

IT IS ORDERED, that the Motion for Summary Judgment on behalf of defendant Exxon Corporation is hereby GRANTED, the Court hereby dismissing plaintiff's claims against aforesaid defendant with prejudice, plaintiff's sole remedy lying in worker's compensation.

IT IS FURTHER ORDERED, that the Motion for Summary Judgment on behalf of defendant Baker Oil Tools, Inc. is hereby DENIED as there exist material issues of fact.