JONES, Judge.
Shoney’s, Inc. appeals the trial court’s judgment awarding plaintiff, Gayle Guidry, $12,165.65 in workers’ compensation benefits. We affirm the trial court’s judgment.
This litigation arises from a claim for workers’ compensation benefits brought before the Louisiana Department of Labor, Office of Workers’ Compensation. After denial *1381 at the administrative level, plaintiff filed a lawsuit in the Civil District Court for the Parish of Orleans claiming wrongful termination of disability benefits and seeking attorney’s fees and penalties.
Plaintiff, Gayle Guidry, was employed as a dining room manager of a Shoney’s restaurant. She was injured on March 14, 1989 when she slipped on a grease spot on the floor during the course of her employment landing on her back, twisting her arm and pinning her right leg underneath a dish cart. Immediately following her fall plaintiff felt pain in her neck, back and right elbow.
Unrefuted trial testimony established that all of plaintiffs medical expenses, other than treatment by the urologists, have been paid by defendant. Additionally, workers’ compensation disability benefits, in the amount of $166.65 per week, were paid from March 15, 1989, the date of the accident, through May 9, 1989. Disability benefits were terminated when plaintiffs first treating physician, Dr. Mímeles, released her in May, 1989. Thereafter, Ms. Guidry began treatment with Dr. Kleinschmidt for the same problems. Dr. Kleinschmidt found no physical reason why Ms. Guidry could not return to work. The trial court ordered an independent medical examination by Dr. Chisesi. At the request of their attorneys, Shoney’s reinstated disability benefits for the period July 2, 1990 through June 10, 1991 at which time plaintiff was released by Dr. Chisesi. Plaintiff never returned to gainful employment despite requests and offers by her employer to accommodate her doctor’s restrictions. Instead plaintiff continued to seek treatment from Dr. Chisesi and was still under his care at the time of trial.
Shoney’s seeks a reversal or reduction of the trial court judgment.
The trial court relied on the testimony of independent medical examiner, Dr. Chisesi, in finding that Ms. Guidry was incapable of gainful employment through September 12, 1991. In its reasons for judgment the trial court wrote:
In the instant case, plaintiff complains of continuing pain and resulting continuing disability. However, she has been unable to present any medical testimony to support her claim beyond September 1991. In reaching this, conclusion, the Court has interpreted every medical report in favor of plaintiff. But there is nothing whatsoever to support plaintiff’s claim beyond September 12, 1991.
[[Image here]]
This Court concludes that the pain, if plaintiff still feels any, at the time of trial, is due either to her imagination or as the result of two accidents she has suffered subsequent to her injury at Shoney’s.
The Court finds that theré was ample medical evidence to support the defendant’s conclusion that plaintiff was no longer injured as a result of her accident at their place of employment, and therefore there is no basis to make any award of sanctions, under Louisiana Workmen’s Compensation Law. There was a “rational basis” for discontinuing benefits, in 1989. La.R.S. 23:1201.2; Connor v. Frees Construction Co., Inc., 525 So.2d 241 (1988).
JUDGEMENT WILL BE ENTERED ACCORDINGLY.
The record supports the trial court’s findings. Specifically, Dr. Chisesi’s testimony established that over the course of his treatment plaintiffs condition would improve and decline based on various factors. Plaintiff had additional problems such as medication causing stomach problems and incontinence. Plaintiff testified that both of these problems were a result of the Shoney’s accident but none of the experts testified to a causal relationship between plaintiffs incontinence and the Shoney’s accident. Because of the absence of objective findings and periods of improvement in plaintiffs condition Dr. Chi-sesi released plaintiff back to work on March 20, 1991 with restrictions on lifting.
Plaintiff did not attempt to return to work because her pain was too severe. She continued to see Dr. Chisesi. By her May 3, 1991 appointment Dr. Chisesi released plaintiff back to work because he felt plaintiff had reached maximum medical improvement. However, Dr. Chisesi gave plaintiff a guarded prognosis because she could still have problems in the future. In sum, Dr. Chisesi *1382 conceded to plaintiffs subjective complaints of pain and found plaintiff to be disabled from gainful employment from the time of his initial treatment to September of 1991 and partially disabled until the time of trial. Dr. Chisesi testified that more probably than not plaintiffs symptoms were related to the trauma she suffered at Shoney’s because she didn’t have trouble with her back before she fell. Furthermore, he found plaintiff to be consistent with her complaints and she did not impress him as a malingerer.
The trial court did not offer a computation of benefits awarded. Based on the statute plaintiff is entitled to temporary total disability benefits in the amount of $166.65 through September 1991. Plaintiff received these benefits except for sixty-four weeks between May 9, 1989 and July 2, 1990 and fourteen weeks between June 10,1991 and September 12, 1991. Seventy-eight weeks at $166.65 is $12,998.70. This computation is approximate and we decline to substitute our computation for the trial court’s.
For the foregoing reasons, the trial court’s judgment is affirmed.

AFFIRMED.