BAILES, Judge.
Plaintiff, an employee of Portable Steam Cleaning Company, brought this tort action against the Young Womens Christian Association (hereinafter called YWCA) and its public liability insurer, Employers-Commercial Union Insurance Company to recover damages alleged due him for certain physical injuries received by him while performing work for his employer on the premises of YWCA, located at the corner of Tulane and Jefferson Davis Avenues in the City of New Orleans, on February 18, 1970.
Defendants filed a motion for summary judgment on the ground that plaintiff was injured while performing maintenance work in the cleaning of the kitchen area of premises formerly occupied as lessee by Kopper Kitchens, Inc., a restaurateur, and that this cleaning and maintenance of the premises owned by YWCA is part of the trade, business or occupation of the YWCA as owner and landlord of the building; that as such, plaintiff is a statutory employee of YWCA, under R.S. 23:1061 whose only remedy or right of recovery is under the Louisiana Workmen’s Compensation Act of this State.
In support of the motion for summary judgment, defendants filed an affidavit of the business manager of the YWCA, as well as the deposition of the plaintiff which detailed the cleaning operation in which he was engaged at the time of his injury. Even though no written reasons were given for the judgment rendered by the trial court, it is obvious that the judge a quo found, in granting the motion for summary judgment, that plaintiff was performing labor which was a part of the trade, business or occupation of defendant, YWCA; that this business of YWCA was a hazardous business, and plaintiff was thus a statutory employee of said defendant. The effect of this holding of the trial court is that the plaintiff’s right of action is exclusively for workmen’s compensation benefits and that his action in tort cannot be maintained.
From this adverse judgment granting the motion for summary judgment, the petitioner has appealed. We find the trial court committed an error of law in sustain *369 ing the motion, and accordingly, we must reverse.
The affidavit of Mr. Raymond C. Miller, business manager of the YWCA shows that this organization owns and operates as landlord, a seven story building at 3433 Tulane Avenue. This building, among other rental units, contains about 40 rooms which it rents exclusively to women, that the collection of rents from the various tenants of this building constitutes an integral part of the business of YWCA; that YWCA employs eight cleaning and maintenance personnel at the building where plaintiff was injured; that in order to rent the kitchen and other area formerly occupied by Kopper Kitchen, Inc., it was necessary that the premises be cleaned and that for the purpose of cleaning this area it was necessary to hire Portable Steam Cleaning Company to clean the kitchen area.
By deposition, plaintiff described the work he performed on the premises of YWCA as being nothing more than actual removal of grease and what amounted to natural residue of cooking operations from the stove, floor and exhaust fan located in the kitchen area that remained after the occupancy by the former tenant. Plaintiff testified that he was preparing to clean an exhaust fan with a scraper and a cleaning rag when he touched the fan blade, was shocked, and fell from the ladder on which he was standing. He was injured when he fell to the floor.
The pivotal question for determination of the motion for summary judgment is one of law. The question for answer is this:
Is defendant, who rents rooms on a day to day basis and leases commercial space in a building which it owns and cleans between occupancies, engaged in a business of such nature as makes it, the owner and operator, a statutory employer under R.S. 23:1061 of the injured plaintiff (an employee of Portable Steam Cleaning Company).
It is well settled that the workmen’s compensation act does not pretend to render all employers liable for compensation benefits to an injured workman. It includes only such occupations, trades and businesses as are therein expressly declared hazardous or are found to be hazardous by the courts. To be eligible for compensation benefits, not only is it required that the employee be engaged in work of a character falling within the specified trade, occupation or business, but additionally the work undertaken hazardous and the employer must be engaged in this work as a trade, business of occupation. See R.S. 23:1035; Shipp v. Bordelon, 152 La. 795, 94 So. 399 (1922); McMorris v. Home Indemnity Insurance Company, 236 La. 292, 107 So.2d 645 (1959).
R.S. 23:1035 does not define the operation of the defendant as hazardous and we find no judicial determination which classifies defendant’s business as hazardous, as detailed in the affidavits and deposition filed in support of the motion for summary judgment.
To the contrary, we find authority for the opposite position. See Leleau v. Jacomine, La.App., 144 So.2d 921 (1962); and Edwards v. Stafford, La.App., 153 So. 2d 106 (1963).
Therefore, we answer the pivotal question stated supra, in the negative by holding that defendant was not engaged, at the time of plaintiff’s injury, in a hazardous trade, business or occupation.
For these reasons, the judgment of the trial court sustaining the motion for summary judgment is reversed and this case is remanded to the trial court for further proceedings in accordance with law. Defendant is cast for all costs, in this court and the trial court, pertaining to this motion for summary judgment.
Reversed and remanded.