SCHOTT, Judge.
The plaintiff has taken this appeal from a summary judgment in favor of Dr. Benjamin Pardue and Security Insurance Company dismissing her suit for workmen’s compensation benefits. Originally, she filed a suit in tort against Dr. Pardue and his liability insurer, Maryland Casualty Company, as an alternative to her claim for workmen’s compensation benefits but that portion of her claim has been settled and is not before us.
Plaintiff was employed by Dr. Pardue as a domestic employee and while in the course of that employment at his home fell and suffered physical injuries. In her affidavit she recites that “in addition to the duties of a domestic or servant . . . . (she) took numerous telephone calls from patients, especially on days when the clinic was closed and would then locate the doctor to relate the messages, worked at the old clinic, located at the 4300 block of Downman Road, to clean it in order that it could be sold.” Thereby the plaintiff attempts to connect her work with Dr. Par-due’s occupation as a physician and to bring herself within coverage of the Workmen’s Compensation statute. As an alternative, plaintiff contends that a policy of Workmen’s Compensation insurance issued by Security to Dr. Pardue affords coverage to her.
In his affidavit, Dr. Pardue recites that he is practicing medicine at Downman Road Clinic, 4S4S Downman Road, New Orleans, Louisiana, and at the time of plaintiff’s accident maintained his residence at 6001 Chatham Drive, New Orleans; plaintiff was employed by him from 1956 until the time of her injury as a domestic servant or maid at his residence, and her duties consisted solely of those typical of such employment; at no time did she perform any services for him at Downman Road Clinic and had no connection whatsoever with his office or with his medical practice.
As a domestic employee plaintiff is not covered under the Workmen’s Compensation law. Jackson v. Clifford, 159 So.2d 723 (La.App. 4th Cir. 1964) The fact that *321 she had on occasions cleaned the doctor’s office in the past or that she takes business related telephone messages for the doctor does not take her out of the category of a domestic employee and make her a business employee. In Scott v. Young Womens Christian Association, 263 So.2d 367 (La.App. 4th Cir. 1972) the following was observed :
“It is well settled that the workmen’s compensation act does not pretend to render all employers liable for compensation benefits to an injured workman. It includes only such occupations, trades and businesses as are therein expressly declared hazardous or are found to be hazardous by the courts. To be eligible for compensation benefits, not only is it required that the employee be engaged in work of a character falling within the specified trade, occupation or business, but additionally the work undertaken hazardous and the employer must be engaged in this work as a trade, business or occupation.”
When she was injured plaintiff was engaged in the work of a domestic employee which is not a hazardous occupation under our law. Pretermitting the question of whether the doctor’s business of a practicing physician in a clinic is hazardous, the fact remains that the plaintiff was not performing any such services at the time of her accident and is therefore not covered under the act.
With respect to her alternate claim against Security Insurance Company of Hartford, the policy, under Item 1, calls for the name and address of the insured and the locations of his business. This is designated as “Benjamin W. Pardue d/b/a Downman Road Clinic, 4545 Downman Road, New Orleans, Louisiana.” Under Item 4 of the declarations and under the heading Classification of Operations, there is the entry “Physicians — all employees inch clarical.” Plaintiff argues that the designation “all employees” includes her but inasmuch as the policy is specifically written for Dr. Pardue and his Downman Road Clinic, within its context it clearly covers those employees working at the clinic or in his occupation of operating that clinic. The policy language cannot be strained to include the plaintiff under the circumstances present in this case. In addition, the policy exclusions provide that the policy does not apply “unless required by law or described in the declarations, to domestic employment . . . .”
In a supplemental brief plaintiff has referred to LSA-R.S. 23:1162 which provides in part as follows:
“ . . . No policy of insurance against liability under this Chapter shall be made unless the policy covers the entire liability of the employer . . . . ”
Plaintiff's contention that the policy in question which purports to cover “all employees” but to exclude domestic employees is written in violation of the cited statute has no merit because under our law there is no liability of an employer to a domestic employee for workmen’s compensation and consequently the cited statute has no application to the instant case.
Accordingly, the judgment is affirmed.
Affirmed.