laDECUIR, Judge.
In this workers’ compensation case the claimant, Stella Gunter, seeks to reverse a grant of summary judgment in favor of the defendant, George Woodson. For the reasons that follow, we affirm.
FACTS
George and Sominia Woodson were a comfortably retired couple living in their home in Leonville, Louisiana. Unfortunately, approximately six years before this matter arose, Sominia suffered a broken hip and consequently required help getting in and out of bed and with other tasks.
George hired sitters to help his wife with her daily activities. One of the sitters was the claimant, Stella Gunter. While she was employed by the Goodsons, Stella on her own initiative, received training as a certified nursing assistant. The Goodsons did not request this training, nor did they indicate to Gunter that her employment status had changed.
In April of 1998, in the course of her employment, Gunter injured her back while helping Sominia out of her wheelchair. Shortly thereafter, Gunter filed a claim for workers’ compensation, her employment was terminated, and the Wood-sons moved to a nursing home. Sominia died some months later at the age of 92, *224 leaving George an active 99 year old widower.
In response to Gunter’s claim, George filed a motion for summary judgment on the grounds that Gunter was a domestic employee in a private residence and was therefore not entitled to workers’ compensation benefits and that the Woodsons were retired and not engaged in a trade, business, or occupation. The workers’ | .^compensation judge granted the motion for summary judgment. Gunter lodged this appeal.
SUMMARY JUDGMENT
A motion for summary judgment shall be granted when the mover establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, based on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. La.Code Civ.P. art. 966. Summary judgment is now favored, however, the mover still bears the burden of establishing that no material issue of fact exists. Stephenson v. Van Vleit, 96-1407 (La.App. 3 Cir. 4/80/97); 693 So.2d 858, review denied, 97-1431 (La.9/19/97); 701 So.2d 174. An appellate court reviews a summary judgment de novo using the same criteria as the district court which determined that summary judgment was appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94); 634 So.2d 1180.
Gunter argues that the workers’ compensation judge erred in granting the motion for summary judgment because there is a dispute as to a genuine issue of material fact. Specifically, she claims that there is a dispute as to whether she was a domestic worker or a “certified nursing assistant” and whether George Woodson was engaged in a trade, business, or occupation. We disagree.
La.R.S. 23:1035(B) exempts from workers’ compensation “all labor, work, or services performed by any employee of a private residential household in connection with the private residential premises of such householder.” Likewise, La.R.S. 23:13, which requires that an employer provide reasonably safe employment, is specifically inapplicable to “employment in private domestic service.” Gunter argues that these statutes do not apply because she was a “certified nursing assistant,” not a domestic servant.
|4By her own admission, Gunter was hired as a sitter and was never informed of a change in her employment status. We find no genuine issue of material fact is at issue here. Gunter was hired as a sitter, not a certified nursing assistant. The courts of this state have held that sitters are domestic servants and are, therefore, not covered by workers’ compensation laws. Smith v. Fusilier, 424 So.2d 1255 (La.App. 3 Cir.1982); Hayes v. Moss, 527 So.2d 373 (La.App. 4 Cir.1988).
Gunter also contends that La.R.S. 23:1035(A) makes the workers’ compensation laws applicable because she was injured in the course of George Woodson’s trade, business, or occupation. We find no support for Gunter’s assertion that by providing care for his ailing wife, George Woodson entered the home healthcare trade, business, or occupation. Such an interpretation would render the statutes before us meaningless.
For the foregoing reasons, the judgment of the workers’ compensation judge is affirmed. All costs of this appeal are taxed to claimant, Stella Gunter.
AFFIRMED.