JjPICKETT, J.

FACTS

Richard Theriot is a residential contractor. He owns and operates Richard Theri-ot Building and Remodeling. In May, 2001, Theriot’s personal residence burned down. Theriot started rebuilding his home. His intention was to sell it after it was rebuilt. He performed much of the work himself, but was unable to do drywall work due to a broken ankle. He was referred by Mr. Ray of St. Landry Lumber, to Advanced Drywall which was owned by Dwayne Heinonen. Heinonen did not perform drywall work himself. Craig Finch performed the work. Heino- *798 nen was in the process of selling the equipment used to operate Advanced Drywall to Craig Finch and Francena Soileau because he was getting out of the business. According to Heinonen, he and Theriot never negotiated a contract on this job. Instead Heinonen referred the job to Finch and Soileau. Heinonen informed Theriot that Advanced Drywall had no workers’ compensation insurance coverage. Allegedly, Theriot required a certificate of insurance be provided before the drywall work began. On the Saturday before Finch and Soileau began working on the home, they went to the job-site and spoke with Theri-ot. The two men agreed upon a price of fourteen cents per foot. When Finch told Theriot they would start the job the following Monday, Theriot allegedly replied, “that was fíne so long as he received a certificate of insurance.” When Finch and Soileau showed up to work on Monday, September 24, 2001, no one else was present. That same day Soileau was hanging drywall when she fell off a bench. As a result of her fall, she injured her right ankle and underwent surgery. At the time of Soileau’s injury, Advanced Drywall had no worker’s compensation insurance.
pFrancena Soileau brought suit against Richard Theriot Budding and Remodeling to recover damages for her injury. The workers’ compensation judge found Soi-leau was covered under the Workers’ Compensation Act as an independent contractor performing manual labor. Judgment was rendered in favor of Soileau and against Theriot for indemnity benefits in the sum of $266.80 per week from September 24, 2001 through May 3, 2002. In addition, the claimant was awarded medical expenses for the injury to her right ankle. It is from this judgment Theriot appeals.

DISCUSSION

In the appellant’s sole assignment of error, the appellant asserts that the workers’ compensation judge erred in finding Francena Soileau an employee of Richard Theriot d/b/a Richard Theriot Building and Remodeling at the time of her injury.
There is a presumption established by La.R.S. 23:1044 that:
A person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee under this Chapter.
This presumption is rebuttable. Shelvin v. Waste Management, Inc., 580 So.2d 1022 (La.App. 3 Cir.1991). The employer bears the burden of proof in overcoming this presumption and showing that a worker was not his employee for workers’ compensation purposes. Estate of Harris v. Ledet, 95A85 (La.App. 3 Cir. 11/2/95), 664 So.2d 561, writ denied, 95-2894 (La.2/2/96), 666 So.2d 1102.
Mr. Theriot asserts he is exempt from coverage pursuant to La.R.S. 23:1035(B) because he was rebuilding his private residence. The workers’ compensation judge rejected that argument, stating “Mr. Ther-iot’s business and private status cannot be ladistinguished therefore he cannot avail himself of the exemption”, and determined the appellee qualified for benefits as an independant contractor performing manual labor pursuant to La.R.S. 23:1021(6). We disagree with the workers’ compensation judge’s application of 23:1035(B).
La.R.S. 23:1035(B) provides, in pertinent part, as follows:
(A) The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his own trade, business, or occupation, or in the course of his employer’s trade, business, or occupation ...
*799 (B) There is exempt from coverage under this Chapter all labor, work, or services performed by any employee of a private residential householder in connection with the private residential premises of such householder ... and which labor, work, or services are not incidental to and do not arise out of any trade, business, or occupation of such householder ... With respect to such labor, work, or services and any employee performing the same, a private residential householder ..., shall have no liability under the provisions of this Chapter either as employer or as a principle; however, any person who is engaged in the trade, business, or occupation of furnishing labor, work, or services to private residential premises ..., shall be liable under the provisions of this Chapter to his employees or their dependants for injury or death arising from and incidental to their employment in rendering such labor, work, or services.
(emphasis added)
We find the appellant is entitled to the exemption provided in 23:1035(B). Although the appellant is a residential contractor, this injury was in no way related to him conducting business as a residential contractor. Had the appellant been building or remodeling a home for a client or someone else he would not be entitled to the exemption because he would be classified as “[A]ny person who is engaged in the trade, business, or occupation of furnishing labor work, or services to private residential premises ...(emphasis added). Such is not the case under the facts of this case.
There is no question the appellee was working on the appellant’s private | ¿residence at the time of her injury. Her services were not engaged for any business enterprise associated with the appellant’s profession. Had the appellant secured the services of appellee to work on a residence in association with his business, or for another individual, the exemption would not apply. That is not the case. Whether the appellant intended to resume residence in the rebuilt home or intended to sell it upon completion is of no moment. Under the facts before us, the appellee was an “employee of a private residential householder” providing services “in connection with the private residential premises of such householder.” The appellant is entitled to the exemption provided by 23:1035(B) and is not liable to the appellee for workers’ compensation benefits.

DECREE

Accordingly, the judgment of the workers’ compensation judge is reversed. The appellee is cast with the costs of this appeal.
REVERSED.