PARRO, J.
Darron Jeffrey Kennedy appeals a judgment that granted motions for summary judgment filed by Sylvia Davis and Christ-wood Living Center and dismissed his workers’ compensation claims against them. Finding no error in this judgment, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
Sylvia Davis owns a condominium unit at the Christwood Living Center (CLC) in Covington, Louisiana, which is her principal residence; she also has a second residence in Folsom, Louisiana, which she uses occasionally. Mrs. Davis hired Dar-ron Jeffrey Kennedy to perform some yard work and other odd jobs at her Folsom house and, on the occasion giving rise to his claims in this ease, also asked him to install a water line at her condominium in Covington. The purpose of the water line was to allow her to water a flower garden that had been planted on a portion of the common grounds. On October 10, 2001, Mr. Kennedy came to CLC to put in the water line. He spoke with a CLC employee, who showed him where he could tie in to the CLC water system. In doing so, Mr. Kennedy broke a water line inside a wall at CLC. As he ran to get help in shutting off the water, Mr. Kennedy slipped and, although he did not fall, he allegedly injured his back and neck.
Mr. Kennedy filed a disputed claim for compensation, seeking workers’ compensation benefits from Mrs. Davis and CLC.[1] Both responded, denying that Mr. Kenne *635 dy was an employee of either of them, as that term is defined by the workers’ compensation statutes, when he was injured. Eventually, Mrs. Davis filed a motion for summary judgment, supported by her affidavit. CLC and its insurer, American Casualty Company, also filed a motion for summary judgment, supported by an affidavit from CLC’s executive director. Mr. Kennedy opposed both motions, and supported his opposition with his own affidavit. After a hearing, the workers’ compensation judge (WCJ) granted both motions for summary judgment and dismissed Mr. Kennedy’s claims. The judgment stated, in pertinent part:
PIT IS ORDERED, ADJUDGED AND DECREED, that the Plaintiff, Darron Kennedy[,] was an independent contractor per R.S. 23:1021 and as such, there is no genuine issue of material fact as to the employer/employee relationship between Kennedy and Mrs. Sylvia Davis[,] thus granting Davis’ Motion for Summary Judgment.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Dar-ron Kennedy at the time of his alleged accident, was performing his duties as an independent contractor hired by Mrs. Davis and not substantially under the care, direction or control of Christwood, thus no genuine issue of material fact is present granting their [sic] Motion for Summary Judgment.
This appeal followed.
APPLICABLE LAW
Inherently, workers’ compensation is a remedy between an employer and an employee; it follows then that absent an employer-employee relationship, generally there can be no compensation recovery. Johnson v. Alexander, 419 So.2d 451, 453-54 (La.1982). An independent contractor is expressly excluded from the provisions of Louisiana’s workers’ compensation laws. See LSA-R.S. 23:1021(6). However, an exception is statutorily carved out for an independent contractor performing manual labor. Hillman v. Comm-Care, Inc., 01-1140 (La.1/15/02), 805 So.2d 1157, 1161 n. 1. Louisiana Revised Statute 23:1021(6) states:
“Independent Contractor” means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.
Under this provision, a worker who provides manual labor may be entitled to workers’ compensation benefits, even if he would generally be considered to be an independent contractor, rather than an employee.
However, under the facts of this case, another provision is also applicable. Louisiana Revised Statute 23:1035(B)(1) provides, in pertinent part:
There is exempt from coverage under this Chapter all labor, work, or services performed by any employee of a private residential householder in connection with the private residential premises of such householder ... when the employee’s annual net earnings for labor, work, or services amounts to one thousand dollars or less ... and which labor, work, or services are not incidental to and do not arise out of any trade, | ¿business, or occupation of such house *636 holder .... With respect to such labor, work, or services and any employee performing the same, a private residential householder ... shall have no liability under the provisions of this Chapter either as employer or as a principal; however, any person who is engaged in the trade, business, or occupation of furnishing labor, work, or services to private residential premises ..., shall be liable under the provisions of this Chapter to his employees or their dependents for injury or death arising from and incidental to their employment in rendering such labor, work, or services.
Under this provision, when a private residential homeowner hires someone to do work in connection with his or her private residence, and the employee earns $1000 per year or less in providing those services, the homeowner is exempt from the provisions of Louisiana’s workers’ compensation laws. The only exceptions are when the work is incidental to and/or arises out of any trade, business, or occupation of the homeowner or when the homeowner is engaged in the business of furnishing such labor, in which instances the provisions of Louisiana’s workers’ compensation laws are applicable. See LSA-R.S. 23:1035(B)(1); compare Soileau v. Richard Theriot Building & Remodeling, 03-04 (La.App. 3rd Cir.6/25/03), 848 So.2d 797, 799, with Connor v. Frees Const. Co., Inc., 525 So.2d 241 (La.App. 1st Cir.), writ not considered, 532 So.2d 111 (La.1988).
ANALYSIS
In support of her motion for summary judgment, Mrs. Davis averred the following:
1. She resides and owns a condominium unit (Unit 246) which is located at the Christwood Living Center in Cov-ington, Louisiana;
2. At the time of Darron Jeffrey Kennedy’s alleged accident, she maintained a second residence on Thompson Road in Folsom, Louisiana that she used occasionally;
3. She orally contracted with Darron Jeffrey Kennedy for him to perform yard work and other odd jobs around her home in Folsom, Louisiana, and, on a single occasion, to undertake a small plumbing chore at her primary residence at the Christwood Living Center;
4. Darron Jeffrey Kennedy was installing a water line from the Christwood Living Center building to a nearby garden on or about October 10, 2001;
5. Darron Jeffery Kennedy was paid an hourly rate of $9.00 per hour for work he performed and was paid in cash or by check for his services, normally at the end of each work day;
Ifi6. Darron Jeffrey Kennedy worked at her homes in Folsom and at Christ-wood Living Center for a total of approximately ten (10) days over a one (1) month period;
7. Darron Jeffrey Kennedy was paid less than one thousand ($1,000.00) dollars for his work in connection with both of her residences;
8. She is not now, and never has been, in the home building, plumbing, home construction, home repair, or home remodeling trade, business, or occupation;
9. At no time did she ever direct or control the manner or method in which Darron Jeffrey Kennedy completed the work at her residences, except as to the final result;
10. No state or federal income taxes, FICA, or unemployment taxes were withheld from the payments made to Darron Jeffrey Kennedy or paid for him, and Darron Jeffrey Kennedy *637 never requested the withholding of such taxes;
11. Darron Jeffrey Kennedy determined how he would perform the tasks directed by me and when (both the time and date) he chose to undertake to perform the work; and
12. The foregoing statements are true and correct and made upon my personal knowledge.
Mr. Kennedy’s affidavit in support of his opposition to her motion states, in pertinent part, that:
Mrs. Sylvia Davis contracted his services to install a water line from the Christwood Living Center building to a nearby garden on or about October 10, 2001. Mrs. Davis instructed petitioner as to what she wanted him to do and paid him $9.00 an hour to perform the work. The maintenance supervisor discussed petitioner’s work plan with him and showed him where the water lines were. Petitioner was injured while performing the job Mrs. Davis asked him to do. Neither Mrs. Davis or Christwood has paid medical or indemnity benefits.
CLC and its insurer supported their motion for summary judgment with the affidavit of John Nye, the executive director of CLC.[2] In it, he stated:
That he is Executive Director of Christwood.
That Christwood is a “retirement community” created under the aegis of the Episcopal Church;
That Mrs. Sylvia Davis resides there in an independent apartment as opposed to the assisted living portion of the community;
| (¡That Christwood does not employ Mr. Kennedy, did not arrange for him to perform work for Mrs. Davis, and did not pay him;
The work performed was for the aesthetic benefit of the (sic) Mrs. Davis’ flower garden.
With reference to the relationship between Mrs. Davis and Mr. Kennedy, the trial court found that he was an independent contractor, and therefore, there was no genuine issue of material fact as to the employer/employee relationship and summary judgment was appropriate. However, we do not believe it is Mr. Kennedy’s status as an independent contractor that is the crucial factor, because the factual recitations indicate that Mr. Kennedy was performing manual labor, which, according to LSA-R.S. 23:1021(6), would invoke coverage under the workers’ compensation laws. Rather, the key factor is Mrs. Davis’s status as a private residential householder who was not engaged in the business of furnishing labor, work, or services to others, who employed Mr. Kennedy to do work in connection with her private residential premises, which work was in no way connected to any trade, business, or occupation in which she was engaged, and for which services she paid him less than $1,000 per annum. Mr. Kennedy admitted in his brief that “[i]f Mrs. Davis had contracted the services of Mr. Kennedy to build or repair her private residence, there would not be an employer/employee relationship” for the purpose of workers’ compensation, but argues that the work being done was “on the Christwood premises.” This begs the question, because her private residence is within the Christwood premises. Even if the exact point where *638 the water line was to be attached was not within the confines of her private condominium, the work being done was undoubtedly “in connection with the private residential premises” of Mrs. Davis. Accordingly, this work is exempt from the provisions of the Louisiana workers’ compensation laws. See LSA-R.S. 23:1035(B)(1).
With respect to CLC, the evidence submitted in connection with the motions for summary judgment establishes that there simply was no employer/employee relationship between CLC and Mr. Kennedy. CLC did not contact him to do the work, did not hire him, did not pay him, did not control his work, and did not direct his activities in any way, other than showing him where to tie in to the water system in 17order to install the water line for Mrs. Davis. This degree of contact is factually and legally insufficient to constitute an employment relationship. Therefore, summary judgment in favor of CLC and its insurer was also appropriate.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Mr. Kennedy.[3]
AFFIRMED.
CARTER, J., concurs in the result.

. The original claim named Angela Davis as his employer; her response provided her correct name, Sylvia Davis. An amended claim added Christwood Estates; its response showed the correct name was Christwood Living Center.

. Although this affidavit does not appear in the record sent to this court, it is clear from the memoranda submitted in support of and against CLC's motion that this affidavit was attached to CLC’s memorandum in support of its motion. A copy of the affidavit was attached to CLC’s brief to this court, so its existence and contents are verifiable.

. Although under the authority of Louisiana Code of Civil Procedure articles 5181-88, Mr. Kennedy was allowed to pursue this action and appeal without paying court costs in ad-vanee or as they accrued, the assessment of costs against him is proper under Articles 5186 and 5188.