HIGGINBOTHAM, J.
12Plaintiffs, James and Raynette Walker, sued for damages arising from Mr. Walker’s personal injuries that occurred when he fed some bulls owned by defendants, Price and Shirley LeBlanc. The LeBlanes and their homeowners’ insurer, Farmers Insurance Exchange (“Farmers”), filed a motion for summary judgment, maintaining that the Walkers could not meet their burden of proving that the LeBlanes knew or should have known that the bulls were dangerous or that Mr. Walker’s injuries could have been prevented with reasonable care. The district court granted summary judgment in favor of the LeBlanes and Farmers, dismissing the Walkers’ claims with prejudice. For the following reasons, we affirm.
FACTS
James Walker was employed as a personal caretaker and driver for Price Le-Blanc, an elderly man who was confined to a wheelchair. Mr. Walker worked as one of Mr. LeBlanc’s personal caretakers and driver. He was considered an “off the books” or “casual” employee, only working a few days per week, and earning $120 cash per day for approximately one year. Mr. Walker’s daily duties included assisting Mr. LeBlanc at his residence with dressing, grooming, and taking medicines. Mr. Walker also drove Mr. LeBlanc wherever he needed to go, including weekly trips to the LeBlanes’ personal pasture land where Mr. Walker would feed Mr. LeBlanc’s livestock while Mr. LeBlanc waited in the pickup truck.
On September 5, 2007, Mr. Walker was injured while he performed the chore of separating and feeding Mr. LeBlanc’s heifers and five bulls. One of the White-Faced Hereford bulls unexpectedly rammed Mr. Walker, picked him up, and pinned him against the truck as he turned his back to reach for more feed bags to pour into the bulls’ food trough. Mr. and Mrs. Walker filed suit against the IsLeBlancs and their homeowners’ insurer, Farmers, for damages stemming from Mr. Walker’s injuries.[1]
The LeBlanes and Farmers filed a motion for summary judgment, arguing that the Walkers would be unable to meet their burden of proof under La. Civ.Code art. 2321, requiring that the LeBlanes knew or should have known that their bull could be dangerous, or that Mr. Walker’s injury could have been prevented with the exercise of reasonable care. In support of the motion, the LeBlanes and Farmers intro *1072 duced affidavits of the LeBlancs and some of the LeBlancs’ experienced livestock handlers, who all testified that this particular breed of bull had a gentle disposition and that the LeBlancs’ bulls had never acted in a dangerous or aggressive manner. The LeBlancs also introduced excerpts from Mr. Walker’s deposition, where Mr. Walker acknowledged that he had never encountered any problems with the LeBlancs’ bulls being aggressive when he had fed them up to fifteen times before this incident.
In opposition to the motion, the Walkers introduced excerpts from the depositions of the LeBlancs’ experienced livestock handlers and an affidavit of a veterinarian/professor of farm-animal medicine, highlighting testimony that even gentle bulls can be unpredictable and cause serious injury, and suggesting that a self-feeding system is safer for feeding bulls than a trough-feeding system. The Walkers also introduced an affidavit of a friend of a former employee of Mr. LeBlanc, who had allegedly been attacked by a different bull owned by Mr. LeBlanc sometime pri- or to Mr. Walker’s incident. Additionally, the Walkers introduced excerpts from Mrs. LeBlanc’s deposition testimony, revealing that Mrs. LeBlanc vaguely remembered the other attack. The Walkers argued that the other attack put the Le-Blancs on notice of their bulls’ potential harm to people.
|/The LeBlancs and Farmers filed a rebuttal to the Walkers’ opposition, pointing out that the alleged previous attack involved a different breed — a Brahma bull— on a different LeBlanc property, and that the former employee did not turn in an incident report, thereby arguing that the LeBlancs had no knowledge that the particular bull involved in Mr. Walker’s incident was dangerous. Additionally, the Le-Blancs and Farmers attached even more deposition excerpts of the experienced bull handlers, stressing testimony that handlers should never turn their backs on bulls, that Brahma bulls are known for having bad attitudes, and that Mr. Le-Blanc’s bulls were not aggressive.
After considering all of the evidence, the district court granted summary judgment in favor of the LeBlancs and Farmers for the reasons stated in their memoranda in support of their motion and in their rebuttal to the Walkers’ opposition. The district court signed a judgment granting the motion and dismissing the Walkers’ case with prejudice on January 25, 2012. The Walkers appeal, assigning two errors: (1) The district court erred by failing to conduct a hearing on the motion for summary judgment; and (2) The district court erred in granting summary judgment when there was an obvious dispute of material fact regarding whether the LeBlancs knew or reasonably should have known that their bulls could be dangerous to Mr. Walker or that his injury could have been prevented with the exercise of reasonable care.
LAW AND ANALYSIS

Subject Matter Jurisdiction

As a threshold matter, we note that we have a duty to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants. McGehee v. City/Parish of East Baton Rouge, 2000-1058 (La.App. 1st Cir.9/12/01), 809 So.2d 258, 260. We have considered whether Mr. Walker’s sole and exclusive remedy against the LeBlancs is limited to the Workers’ Compensation |sAct since it is undisputed that there was an employer-employee relationship between Mr. Walker and Mr. LeBlanc, and Mr. Walker was injured during the course and scope of his employment with Mr. *1073 LeBlanc.[2] However, the courts of this state have held that caretakers or sitters/attendants are domestic servants and are, therefore, not covered by workers’ compensation laws.[3] See Guidry v. Orgeron, 525 So.2d 677, 679 (La.App. 1st Cir. 1988); Gunter v. Woodson, 99-1794 (La.App. 3d Cir.4/5/00), 759 So.2d 223, 224; and Blache v. Maryland Casualty Co., 283 So.2d 319, 320 (La.App. 4th Cir.1973). See also La. R.S. 23:1035(B)[4] and H. Alston Johnson, III, Workers’ Compensation Law and Practice § 94 at 4, in 13 Louisiana Civil Law Treatise (5th ed.2011). Likewise, La. R.S. 23:13, which mandates that an employer provide reasonably safe employment for his employees, is specifically inapplicable to “employment in private domestic service or to agricultural field occupations.” See Gunter, 759 So.2d at 224.
This court has held that in order for an employee to be eligible for workers’ compensation benefits, the services performed must be incident to or in the course of the employer’s customary or regular trade, business, or occupation. Connor v. Frees Const. Co., Inc., 525 So.2d 241, 243 (La.App. 1st Cir.), writ not considered, 532 So.2d 111 (La.1988). The prevailing test is whether the services performed constitute a vital portion of the employer’s regular business, in that such | fiservices are substantial, essential, and recurring. Id. The record is devoid of evidence that Mr. LeBlanc’s regular business, if any, was either raising and/or tending to livestock animals or the home-healthcare trade. The evidence reveals that Mr. Walker was performing a purely domestic chore — feeding livestock animals on his employer’s personal property, which was incidental to his main job of personally caring for and helping his employer at the employer’s residence. Since there is no evidence that Mr. Walker was engaged in any business of his employer at the time of his injury, we find that he does not fall into any category of employee that is entitled to workers’ compensation benefits. Therefore, we conclude that the district court had subject matter jurisdiction in this matter, and this court consequently has appellate jurisdiction. We will consider the merits of the appeal.

Requirement of Hearing for Summary Judgment

In their first assignment of error, the Walkers assert that the district court erred by allowing the summary judgment *1074 matter to be submitted on the memoranda of the parties without allowing oral argument or conducting a hearing. The Walkers rely on the specific language of La. Code Civ. P. art. 966(D) requiring that the district “court shall hear and render judgment on the motion for summary judgment within a reasonable time.” (Emphasis added.) We disagree with the Walkers’ argument. The record reflects that all parties submitted multiple memoranda with exhibits for the district court’s consideration in support of and in opposition to the motion for summary judgment. In particular, the Walkers filed a memorandum in opposition, a supplemental memorandum in opposition, and finally, a reply memorandum in response to the rebuttal memorandum filed by the LeBlancs and Farmers. There is absolutely no indication that the district court failed to consider or “hear” the positions and/or the evidence in support of the | .¡.positions that were submitted by all parties before making the decision to grant the summary judgment.
Furthermore, Rule 9.18 of the Louisiana Rules for District Courts provides that “[ojral argument is a privilege, not a right, and is within the court’s discretion.” Additionally, Rule 9.8(a) states that all motions must be accompanied by a proposed order requesting that the motion be set for hearing, and Rule 9.9(d) warns that parties who fail to comply with the requirements “may forfeit the privilege of oral argument.” (Emphasis added.) The district court has great discretion in the construction, interpretation, application, and enforcement of its own rules. Vincent v. Vincent, 2011-1822 (La.App. 4th Cir.5/30/12), 95 So.3d 1152, 1161. The record reflects that at no time did any party file an order requesting that the motion be set for hearing in this case.[5] Considering this fact, we find no abuse of discretion in the trial court’s rendering of summary judgment without hearing oral argument. We find this assignment of error to be without merit.

Summary Judgment and Liability for Injury Caused by an Animal

In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Lewis v. Four Corners Volunteer Fire Dept., 2008-0354 (La.App. 1st Cir.9/26/08), 994 So.2d 696, 699. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B). The initial burden of proof remains with the mover and is not shifted to the nom¡moving8 party until the mover has properly supported the motion and carried the initial burden of proof. Only then and only if the issue is one on which the non-moving party would have the burden of proof at trial, must the non-moving party “submit evidence showing the existence of specific facts establishing a genuine issue of material fact.” Schindler v. Biggs, 2006-0649 (La.App. 1st Cir.6/8/07), 964 So.2d 1049, 1053 (quoting Scott v. McDaniel, 96-1509 (La.App. 1st Cir.5/9/97), 694 So.2d 1189, 1191-92, writ *1075 denied, 97-1551 (La.9/26/97), 701 So.2d 991).
When the court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits and attached exhibits, these reasonable inferences must be viewed in the light most favorable to the party opposed to the motion. Schindler, 964 So.2d at 1058. The credibility of a witness or doubt as to whether a party alleging a fact will be able to sustain his burden of proof on the merits are improper considerations in determining the existence of material fact. Id.
To find an owner liable for injury caused by his animal, it must be shown that the animal’s owner knew or should have reasonably known of the danger posed by the animal, and that the owner could have taken reasonable measures to prevent injury, but failed to do so. See La. Civ.Code art. 2321.[6] Negligence is usually established in such cases by showing that the owner knew or had reason to know that their animal had a dangerous propensity which caused the injury. The LeBlancs and Farmers filed a motion for summary judgment on the basis that the Walkers could not prove that the LeBlancs had prior knowledge of any dangerous 1 apropensities of their White-Faced Hereford bulls, the gentlest of all bulls, or that the LeBlancs failed to take reasonable precautions to prevent Mr. Walker’s injuries.
Although negligence is normally based on the owner’s knowledge of the peculiarities of a specific domestic animal, the owner also is bound to take notice of the general propensities of the class of animal to which it belongs, as well as of the propensities of that particular animal, and of the generally known or likely behavior of animals of that class which might cause injury. Owners must take reasonable care to prevent injuries which are reasonably to be anticipated from such an animal. Granger v. U.S. Fidelity & Guaranty Co., 266 So.2d 526, 530 (La.App. 3d Cir.1972).
In this case, extensive evidence was introduced to show that none of the Le-Blancs’ White-Faced Hereford bulls had ever exhibited any dangerous propensities or ever behaved in a manner different from any other bull in what is considered a gentle breed. The Walkers’ evidence attempting to compare the alleged dangerous propensities of a different type of bull — a Brahma bull — owned by the Le-Blancs at a different time and place, did not show that the LeBlancs knew or should have known that the particular bull involved in Mr. Walker’s incident was dangerous. Additionally, there was no evidence that the act .of separating and feeding the LeBlancs’ bulls had ever caused any of the bulls to act in the unexpectedly aggressive and/or dangerous manner that was exhibited by the one bull , that injured Mr. Walker. Even Mr. Walker testified that the bull’s behavior was totally unexpected.
Under these undisputed material facts, we find that the Walkers failed to produce evidence that the LeBlancs’ bull that rammed into Mr. Walker when he turned his back to the bulls during feeding time, had a vicious or dangerous propensity *1076 which was concealed from him, or that the LeBlancs were even aware 1 inof such propensity. Because the record is devoid of sufficient evidence to establish this necessary element of the Walkers’ negligence action, we find that the district court appropriately granted summary judgment in favor of the LeBlancs and Farmers.
CONCLUSION
For the stated reasons, the judgment rendered by the district court dismissing James and Raynette Walkers’ lawsuit is affirmed. Costs of this appeal are assessed against James and Raynette Walker.
AFFIRMED.
McCLENDON, J., dissents and assigns reasons.

. According to the Walkers’ brief, Mr. Le-Blanc died during the course of these proceedings. Howevér, the record does not reflect this fact or any motion to substitute parties to make the Succession of Mr. Le-Blanc a party to the proceeding. For ease of reference, we will continue to refer to Mr. LeBlanc.

. District courts do not have subject matter jurisdiction over workers' compensation matters. Brewton v. Underwriters Ins. Co., 2002-2852 (La.6/27/03), 848 So.2d 586, 590. The exclusive jurisdiction of workers' compensation proceedings is granted to the Office of Workers’ Compensation. La. R.S. 23:1310.3(F); La. Const. Art. V, Section 16 (excepting workers’ compensation matters from the original jurisdiction of district courts).

. Black's Law Dictionary 435 (5th ed.1979) defines a "domestic servant” as "[a] person hired or employed primarily for the performance of household duties and chores, the maintenance of the home, and the care, comfort, and convenience of members of the household." (Emphasis added.)

.Under La. R.S. 23:1035(B), when a private residential homeowner hires someone to do work in connection with his private residence, and the employee earns $1,000 per year or less in providing those services, the homeowner is exempt from the provisions of Louisiana’s workers’ compensation laws. The only exceptions are when the work is incidental to and/or arises out of any trade, business, or occupation of the homeowner or when the homeowner is engaged in the business of furnishing such labor, in which instances the provisions of Louisiana's workers’ compensation laws are applicable. Kennedy v. Christwood Estates, 2002-2602 (La.App. 1st Cir.9/26/03), 857 So.2d 633, 636.

. This is a distinction from Rider v. Ambeau, 2011-0532 (La.App. 1st Cir.2/1/12), 100 So.3d 849, n. 3, the case relied upon by the Walkers, wherein the district court specifically refused to hold a hearing on a motion for summary judgment despite the movant's written request for a hearing and the opportunity to submit supporting proof.

. Louisiana Civil Code article 2321 provides, in pertinent part:
The owner of an animal is answerable for the damage caused by the animal. However, he is answerable for the damage only upon a showing that he knew or, in the exercise of reasonable care, should have known that his animal's behavior would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.